IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMERIC AMBRUS,

      Plaintiff,                        No. CIV S-08-0897 DAD PS

      v.

ANDY LANGER,                           ORDER

      Defendant.

_____/

      By this order, the court addresses plaintiff's failure to comply with court orders and plaintiff's letter to the court.

      The court's May 5, 2008 order directed plaintiff to complete and file a "Consent to Assignment or Request for Reassignment" form on or before May 23, 2008. The form, which was provided to plaintiff immediately upon removal of this case from state court on April 29, 2008, is almost four weeks overdue. In light of plaintiff's failure to comply with the court's order, the Clerk of the Court will be directed to assign a district judge to the case at this time.

      The May 5, 2008 order also established a schedule for the briefing of defendant's motion to dismiss. Plaintiff was required to file opposition or a statement of no opposition to the motion on or before June 6, 2008. Plaintiff was cautioned that failure to file opposition or a statement of no opposition may be considered a waiver of opposition to the granting of the

1  motion. Plaintiff's briefing is almost two weeks overdue. After a district judge is assigned to the
2  case, the undersigned will recommend that plaintiff's failure to file opposition be deemed a
3  waiver of opposition to the granting of defendant's motion to dismiss.
4         In his letter dated May 2, 2008, plaintiff disputes defendant's reason for removing
5  this case from state court. The notice of removal reflects that plaintiff disputes the amount of his
6  Social Security Disability and SSI benefits. (Def.'s Notice of Removal at 2.) Plaintiff asserts
7  that he "never filed any challanges [sic] against the High Commisioner [sic] of this US country
8  from the SSI office" and that it is a lie that he filed against the Commissioner for denying
9  disability benefits. (Pl.'s Letter dated May 2, 2008, at 2.) According to plaintiff, he "only asked
10 for my right to hold with me the appeal for an appointment to discuss my case," "the appeal
11 appointment was shamefully denied," and his SSI file is "a continuing discrimination and abuse"
12 against him. (Id. at 2-3.) Plaintiff argues that he "did not file against a state official or SSI high
13 official," that he has sued Andy Langer as a private person for harassing him and stealing
14 information, and that his case cannot be changed into "a false offense to high officials." (Id. at
15 5.) He urges this court to return the case to state court because the case was filed against a
16 private person. (Id. at 5-6.) Plaintiff provides a page from his state court complaint on which he
17 has circled his "No" response to the question "Are you suing a public entity?" (Id. at 7.)
18        Plaintiff's assertion that he has sued defendant Langer as a private individual is
19 contradicted by allegations in his letter and by allegations in the claim filed in the Small Claims
20 Division of the Sacramento County Superior Court. The address given as defendant's is the
21 address of the Social Security office in Carmichael, the city where plaintiff resides.¹ (Def.'s
22 Notice of Removal, Ex. A at 2.) Plaintiff claims that the defendant owes him $4,233.00 for
23 "[u]nlawfully witholding [sic] disability SSI income and for psychological damages, planned

---

¹ Plaintiff alleges that defendant's address is 2444 Marconi Ave, Sacramento CA 95821.
25 The Social Security Office Locator, www.socialsecurity.gov, indicates that Carmichael is served
by the office at 2444 Marconi Ave, Sacramento, CA 95821. The court may take judicial notice
26 of matters of public record. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

harrasment [sic], discrimination, refusal of services and translator." (Compl. at 2.) It is evident that plaintiff has sued defendant Langer in his capacity as an employee of the Social Security Administration and that the suit arises out of plaintiff's claim for Social Security benefits. The action is not a suit against defendant Langer as a private person. To the extent that plaintiff's letter can be construed as a request for remand, the request lacks merit factually and legally.

Accordingly, IT IS ORDERED that:

1. Plaintiff's May 5, 2008 letter asking this court to put his case back in the state court is denied; and

2. The Clerk of the Court is directed to assign this case to a United States District Judge randomly selected in accordance with this court's automated case assignment plan.

DATED: June 19, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/ambrus0897.ord.assigndj