IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMERIC AMBRUS,

    Plaintiff,                            No. CIV S-08-0897 JAM DAD PS

    v.

ANDY LANGER,                          FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

        Defendant removed this action from the Small Claims Division of the Sacramento County Superior Court and then moved to dismiss for lack of subject matter jurisdiction. Plaintiff was directed to file opposition to the motion and was cautioned that failure to file opposition may be deemed a waiver of opposition to the granting of the motion. Plaintiff filed a request for remand, which was denied, but failed to file opposition to the motion to dismiss. By these findings and recommendations, the undersigned recommends that the motion be granted.[1]

        In the claim filed in state court on March 20, 2008, plaintiff alleges that defendant Langer owes him $4,233.00 for "[u]nlawfully witholding [sic] disability SSI income and for

---

[1] On April 29, 2008, the court issued an order regarding the procedure for consenting or declining to consent before the assigned magistrate judge. Plaintiff did not respond to that order or a further order filed May 5, 2008. A district judge was assigned to the case on June 20, 2008.

1

psychological damages, planned harrasment [sic], discrimination, refusal of services and translator." (Def't's Mot. to Dismiss (Doc. No. 5), Ex. A at 2.)

In support of defendant's motion, Diane Salinas, Assistant District Manager of the North Sacramento District Office of the Social Security Administration (SSA), provides the following background: on February 12, 2008, SSA sent plaintiff a notice of award advising him that he was entitled to monthly Disability Income Benefits (DIB) beginning September 2006 and was also entitled to $11,645.00 in past-due benefits from September 2006 through January 2008; the notice indicated that beginning in February 2008 plaintiff would receive $703.00 in DIB on a monthly basis; the notice approved the fee agreement between plaintiff and his representative and withheld $2,911.25 from the past-due benefits for the representative's work; on March 17, 2008, SSA sent plaintiff a Notice of Overpayment advising him that SSA had overpaid him $233.00 in Supplemental Security Income (SSI) benefits from March 1, 2008 through April 1, 2008, and informing him that he must repay the overpayment, ask for a waiver, or seek an appeal; on April 1, 2008, SSA sent plaintiff a letter advising him that the overpayment was actually $187.00 and that his request to waive the overpayment had been granted.  (Id., Decl. of Diane Salinas at 1-2.) An exhibit to Ms. Salinas' declaration reveals that defendant Langer was the office manager who sent plaintiff the March 17, 2008 notice of overpayment.  (Id., Salinas Decl., Ex. B.)

Defendant also offers the declaration of William Zuroff, SSA Management and Program Analyst, who searched SSA databases on April 24, 2008 to determine whether plaintiff had sought administrative review of any initial determination made by SSA.  (Id., Decl. of William Zuroff at 1.)  Declarant Zuroff found that on April 2, 2008, plaintiff sought reconsideration of the decision regarding his new SSI payment amount, and on April 23, 2008, SSA issued a decision, also signed by defendant Langer, affirming the reduction of plaintiff's monthly SSI benefits by $187.00 per month due to his DIB award.  (Id., Zuroff Decl. at 1-2 & Ex. A.)  Declarant Zuroff avers that plaintiff had 60 days from April 23, 2008 to seek further review and therefore had not yet exhausted administrative remedies.  (Id., Zuroff Decl. at 2.)

1   Defendant seeks dismissal of plaintiff's complaint pursuant to Federal Rule of
2  Civil Procedure 12(b)(1), which allows a party to raise the defense, by motion, that the court
3  lacks jurisdiction over the subject matter of a claim. "A motion to dismiss for lack of subject
4  matter jurisdiction may either attack the allegations of the complaint or may be made as a
5  'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill
6  Publ'g Co. v. General Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979). When a Rule
7  12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of
8  truthfulness attaches to the plaintiff's allegations. Id. "[T]he district court is not restricted to the
9  face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve
10 factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d
11 558, 560 (9th Cir. 1988). The burden of proof is on the party asserting jurisdiction. Thornhill
12 Publ'g Co., 594 F.2d at 733.

13   Defendant argues that the courts have no subject matter jurisdiction over actions
14 and decisions of the Commissioner of Social Security involving SSI and DIB claims except as
15 provided in 42 U.S.C. § 405(g). That statute provides that no action may be brought to recover
16 on any claim arising under Title II or Title XVI of the Social Security Act (Act) absent a final
17 decision of the Commissioner made after a hearing by an administrative law judge. A claimant's
18 failure to exhaust the procedures set forth in the Act deprives the district court of jurisdiction.
19 Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989).

20   Here, plaintiff filed his claim in state court just three days after defendant Langer
21 issued a Notice of Overpayment advising plaintiff that SSA had overpaid him $233.00 in SSI
22 benefits. The notice informed plaintiff that he must repay the $233.00, request a waiver, or file
23 an appeal in response to the Notice. On April 1, 2008, SSA sent a letter advising plaintiff that
24 the overpayment was actually only $187.00 and that his request to waive the overpayment for the
25 period from March 1, 2008 through April 1, 2008 had been granted by SSA. On April 2, 2008,
26 plaintiff sought reconsideration of the decision regarding the new computation of his SSI

payment, and on April 23, 2008, SSA issued a decision affirming the reduction of the SSI payment by $187.00 per month due to the statutory requirement that plaintiff's DIB award be considered in the computation. Plaintiff had 60 days from SSA's April 23, 2008 decision to seek further administrative review and therefore had not yet exhausted his administrative remedies when he filed his claim in state court.

In light of defendant's evidence of plaintiff's non-exhaustion of administrative remedies and plaintiff's failure to offer evidence to the contrary, the undersigned finds that defendant's motion to dismiss pursuant to Rule 12(b)(1) is meritorious and should be granted. Plaintiff's complaint should be dismissed without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's May 1, 2008 motion to dismiss for lack of jurisdiction (Doc. No. 5) be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these findings and recommendations, any party may file written objections with the court and shall serve a copy of such objections on all other parties. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten (10) days after the objections are served. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2009.

DAD:kw
Ddad1/orders.socsec/ambrus0897.mtd.f&r

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE